

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

M-68

Honorable Kenneth M. Clark
County Auditor
Ward County
Monahans, Texas

Dear Sir:

Opinion No. O-2419
Re: County nurses - Expenses in attending training institutes conducted by Texas State Health Department.

Your request for opinion has been received and carefully considered by this department. We quote from your letter of request as follows:

"Will your department kindly advise at your convenience whether or not it is legal to pay expenses of County Nurse attending training institutes conducted over the State by the State Health Department.

"Now if this is legal and it is not legal to pay traveling expenses of County Officials attending conventions, please distinguish the difference."

We have been informed by Dr. George W. Cox, State Health Officer, Austin, Texas, that training institutes are conducted at various places in the State and at various times by the Texas State Health Department for the purpose of acquainting county nurses and health authorities of the various counties and cities of this State with the health program of the State Health Department. Dr. Cox is of the opinion that the training received by the county nurses at such training institutes is of great benefit to the health and sanitation of their respective counties.

We quote from 11 Texas Jurisprudence, pages 563-4-5-6 as follows:

"Counties, being component parts of the State,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

have no powers or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties....

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, - that is, by the Constitution and statutes of the State....

"The jurisdiction of commissioners' courts is limited to strictly 'county business,' and the Legislature has no authority to enlarge their powers or jurisdiction. Any attempt to confer upon the court jurisdiction of a matter which is not 'county business' is void. However, the commissioners' court is the active governing body of the county, with a jurisdiction that touches in some respect almost every feature of the county's business, and the court has full and general charge of the business affairs of the county. The power of the court extends only to such business as is entrusted to it by the Constitution or by the Legislature; and the Legislature may, if it chooses, commit a matter of county business to some agency other than the commissioners' court. The term 'county business' should be given a broad and liberal construction so as not to defeat the purposes of the law. And it is held that the commissioners' courts have implied authority to do what may be necessary in the exercise of the duties or powers conferred upon them."

Article 4528a, Vernon's Annotated Civil Statutes reads as follows:

"Sec. 1. That the commissioners court of the

Honorable Kenneth M. Clark, Page 3

various Counties in the State of Texas shall have the authority, when in their judgment it shall be deemed to be necessary or advisable, to employ one or more Graduate Registered nurses whose duty it shall be to visit the public schools in the county in which they are employed, and to investigate the health conditions and sanitary surroundings of such schools, and the personal, physical and health condition of pupils therein, and to co-operate with the public health nursing and perform such other and further duties as may duly organized Board of Health and local health authorities in general be required of them by the commissioners court.

"Sec. 2. That said nurses when so appointed shall be employed on a monthly salary to be fixed by the commissioners court and shall at all times be subject to removal by the commissioners court without prior notice.

"Sec. 3. The commissioners court shall be empowered to appropriate from any funds of the respective counties the necessary money to cover the salary of such nurses, not to exceed the sum of $1,800.00 to each nurse, and in addition thereto may appropriate additional funds to cover all expenses that may be proper and necessary in the visiting of such schools, and General Public Health Nursing including transportation and other incidental expenses."

We think the above quoted article neither authorizes nor prohibits the county commissioners' court from expending county funds to pay the expenses of a county nurse attending training institutes conducted over the State by the State Health Department.

Article 4418f, Vernon's Annotated Texas Civil Statutes, reads as follows:

"It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. The

> commissioners' court of any county shall have the
> authority to appropriate and expend money from the
> general revenues of the county for and in behalf
> of public health and sanitation within its county."
> (Underscoring ours)

The above quoted statute gives to the commissioners'
courts of the counties of this State a broad grant of authority
in the appropriation and expenditure of the general revenues
of their counties in behalf of public health and sanitation
within their counties.  Public health and sanitation are there-
fore 'county business', and the commissioners' courts have a wide
range of authority and discretion in the expenditure of the
general revenues of the counties in behalf of public health
and sanitation within their counties.

It follows that if the commissioners' court is of the
opinion that the attendance of the County Nurse upon training
institutes conducted by the Texas State Health Department is
beneficial to and is in behalf of the public health and sanita-
tion of the county, then the commissioners' courts would have
authority to pay the expenses of such County Nurse attending
such institutes out of the general funds of the county.  This
department so held on December 16, 1938, in an opinion written
by Honorable R. E. Gray, Assistant Attorney General, and record-
ed in Vol. 383, pages 965-6, Letter Opinions of the Attorney
General of Texas.

There is no statutory authority which would permit the
commissioners' courts to expend county funds for the payment of
traveling expenses of county officials attending conventions.
Article 8, Section 3, of our State Constitution provides that
taxes shall be levied and collected by the general laws and for
public purposes only.  It is fundamental law that expenditures
of tax money must be only for public purposes.  15 Corpus Juris,
page 574, in discussing expenses of public officers, uses the
following words:

> "Ordinarily members of county boards are entitl-
> ed to no other allowance or emolument whatever out-
> side of the compensation fixed by law for their ser-
> vices, and to be entitled to that compensation they
> must bring their services and expenses within the
> terms of the statute, authorizing the payment, it
> being the rule that they are entitled neither to

ordinary nor extra compensation or re-imbursement for services rendered or expenses incurred in the doing of unauthorized acts outside the scope of their official duties, even though their services are for the benefit of their county."

This department has repeatedly held that the commissioners' court has no authority to expend county funds to pay expenses of county officials in attending conventions because same is not 'county business' and there is no statutory or constitutional authority to pay same. See conference opinion No. 2018, dated April 2, 1919, written by Honorable John Maxwell, Assistant Attorney General, recorded in Vol. 52, pages 262-3-4, Conference Opinions of the Attorney General of Texas, which contains a full discussion of this question, and many other opinions of this department.

The distinction between the two situations pointed out in your letter are as follows:

1. Article 4418f, Vernon's Annotated Texas Civil Statutes, supra, gives the commissioners' court ample statutory authority to pay the expenses of the County Nurse in attending training institutes of the Texas State Health Department out of the general revenues of the county if the commissioners' court is of the opinion that such attendance is beneficial to and is in behalf of the public health and sanitation of the county.

2. The attendance of county officials at conventions is not 'county business' and there is no statutory or constitutional authority which would authorize the commissioners' court to expend county funds for the payment of such expenses of such county officials.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

APPROVED JUN 18, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

WJF:AW

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN